IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 03-288 |
| | ) | |
| MICHAEL BROWN | ) | |
| | ) | |

## OPINION

Pending before the Court is the "Motion for Reconsideration of Sentence" filed on behalf of Defendant Michael Brown [Doc. # 85]. For the reasons set forth below, Defendant's Motion for Reconsideration of Sentence is denied.

Mr. Brown was originally sentenced by this Court on June 14, 2006. Mr. Brown appealed his sentence, and on February 26, 2009, the United States Court of Appeals for the Third Circuit vacated the judgment of sentence and remanded the matter for re-sentencing consistent with the United States Supreme Court's recent opinion in Chambers v. United States, 129 S.Ct 687 (2009). [Doc. #72].

A hearing on resentencing took place on Wednesday, June 3, 2009. Relevant to the defendant's prior conviction for indecent assault, Defense counsel argued at the hearing that: (1) Mr. Brown's prior conviction was not counted as an Armed Career Criminal Act enhancement because pursuant to the definition in 18 U.S.C. § 921(a)(20), the prior conviction was not a "crime punishable by imprisonment for a term exceeding one year;" (2) the court similarly should apply the more restrictive felony definition from section 921(a)(20) in determining the defendant's offense level pursuant to U.S.S.G. 2K2.1 which would result in the court not

counting the prior conviction as a prior violent predicate; and (3) if the court did not count the indecent assault conviction against Mr. Brown, then the applicable offense level under 2K2.1 would be a 20 instead of a 24. The Court ruled against the defendant with respect to this objection. Ultimately, the Court found for purposes of determining the advisory United States Sentencing Guidelines applicable to Mr. Brown that his total offense level was a 25 and his criminal history category was a Roman Numeral V such that the applicable advisory guideline range was 100 to 120 months' imprisonment.

Immediately after the conclusion of the sentencing hearing, defense counsel contacted the Court by telephone and asked to be heard with respect to an additional objection to the presentence report not previously argued. Defense counsel explained that his objection was related to the defendant's prior conviction for indecent assault. The Court orally agreed to consider defense counsel's argument and further agreed not to file the judgment of conviction order in the case until the parties could brief the newly raised objection. Indeed, the Court did not file the judgment order in this case until this date. The Court orally informed the government of its decision, gave the defendant until Monday, June 8, 2009, to file a brief on the issue, and the Government until Monday, June 15, 2009 to file its response to the defendant's brief.

The defendant complied with the Court's order and filed its Motion for Reconsideration of Sentence on June 8, 2009. In the motion, the defense argues that Mr. Brown's prior indecent assault conviction pursuant to 18 Pa.C.S.A. § 3126(a)(1) is not a "crime of violence" under the Sentencing Guidelines definition in U.S.S.G. § 4B1.2(a) as interpreted by Begay v. United States, 128 S.Ct. 1581 (2009) and therefore, the indecent assault conviction should not have been used to enhance the defendant's base offense level under U.S.S.G. § 2K2.1 from a 20 to a 24.

2

The government did not timely file its response on June 15, 2009, and the Court had to call the government attorney to find out if she was going to file a response. At that time, counsel informed the Court that she was not aware that the motion had been filed because she had failed to enter her appearance in the case. The prosecution then asked to have until Wednesday, June 17, 2009 to file an opposition brief. The Court granted the Government's request, and on June 17, 2009, the prosecution filed its response to the motion. In its response, the government argues that: (1) pursuant to Fed.R.Crim.P. 35, this court lacks jurisdiction to consider the defendant's motion; (2) the defendant forfeited or waived his ability to challenge the court's determination that his prior conviction for indecent assault was a crime of violence; and (3) the defendant's prior conviction for indecent assault was a crime of violence.

We address first the government's jurisdiction argument since if we lack jurisdiction to consider Defendant's "Motion for Reconsideration of Sentence," we cannot reach the merits of the Defendant's arguments. The applicable statute is Fed.R.Crim.P. 35(a) which states: "Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(c) further provides "(c) 'Sentencing' Defined. As used in this rule, 'sentencing' means the oral announcement of the sentence."

In United States v. Higgs, 504 F.3d 456 (3d Cir. 2007), the appellate court held that the seven day limitation set forth in Fed.R.Crim.P. 35(a) is jurisdictional. Id. at 464. As such, the Higgs court concluded, because the district court did not enter an order denying a motion for reduction of sentence within seven days of the oral announcement of the sentence, "the District Court was without jurisdiction to enter its . . . order." Id.

3

While we had anticipated that the unique circumstances of this case would enable us to consider Defendant's Motion for Reconsideration even though more than seven (7) days had passed since we orally imposed the defendant's sentence, given the appellate court's explicit holding in <u>Higgs</u>, we find ourselves with no recourse other than to hold that because more than seven (7) days have passed since we orally announced Mr. Brown's sentence on June 3, 2009, we are without jurisdiction to consider the defendant's motion for reconsideration.

An appropriate order follows.

Dated: June 23, 2009

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge